## LALANCE & GROSJEAN MANUF'G CO. v. HABERMAN MANUF'G CO.

(Circuit Court, S. D. New York. February 10, 1893.)

PATENTS FOR INVENTIONS—INFRINGEMENT—METAL-SPINNING MACHINERY.

Letters patent No. 286,115, granted October 2, 1883, to Jules Chaumont for machinery for sheet-metal spinning, was for a device in which a rotating mold chuck was mounted within the vessel to be spun eccentrically on a rod holding the vessel against the head stock, which had a rim for holding such vessel, and a spinning roller mounted on a slide outside, and movable by hand screws to press the metal of the rotating blank inwardly to and along the rotating mold chuck in forming vessels with contracted mouths. *Held* that, as all the elements are old, and only the combination novel, the patent is not infringed by a device in which the rotating mold chuck is mounted separately outside the vessel, having a spinning roller within movable by hand screws to press the metal of the rotating blank outwardly against the rotating mold chuck in forming vessels with bulged sides.

In Equity. Suit by the Lalance & Grosjean Manufacturing Company against the Haberman Manufacturing Company for the infringement of a patent. Bill dismissed.

Arthur v. Briesen, for orator.
Robert N. Kenyon, for defendant.

WHEELER, District Judge. This suit is brought upon letters patent No. 286,115, dated October 2, 1883, and granted to Jules Chaumont, assignor to the orator, with four claims for machinery for sheet-metal spinning. The specification, referring to a prior application, states:

"I have shown and described a sheet-metal vessel, formed without seam by spinning, having a greater diameter at its base than at its mouth; and my

present invention relates to machinery or apparatus for producing vessels having the forms above referred to, as well as sheet-metal vessels of the ordinary character and forms."

And—

"I am aware that it is not new to spin sheet-metal vessels by revolving spinning, having a greater diameter at its base than at its mouth; and my mold chuck; but the combination of a rotary mold chuck so supported with my improved form of head stock I believe to be new, as well as the other specific combination of parts, as hereinafter claimed."

The first two claims only are involved here, which are for—

"(1) In a machine for spinning sheet-metal vessels, the combination, substantially as hereinbefore set forth, with a head stock or chuck mounted directly upon the spindle of the machine, and having a flat surface for supporting the base of the vessel, and a rim or guard laterally projecting from its periphery, of means for holding the vessel within or against said head stock, and a rotating mold chuck, mounted eccentrically with respect to the axis of the head stock. (2) In a machine for spinning sheet-metal vessels, the combination, substantially as hereinbefore set forth, with a head stock or chuck mounted directly upon the spindle of the machine, and having a flat surface for supporting the base of the vessel, and a rim or guard laterally projecting from its periphery, of means for holding the vessel within or against said head stock, a rotating mold chuck mounted eccentrically with respect to the axis of the head stock, and a roller mounted in proximity to said mold chuck and blank, whereby the contour of the blank is forced to conform to that of said mold chuck."

All parts of these combinations except the rim around the surface of the head stock are conceded to have been old, and testimony uncontradicted tends to show that to have been old. The use of this rim for holding the vessel would be so obvious that the testimony that it was so used is not incredible, but rather convincing. That it was, as a fact, seems to be well enough established. Still this particular combination appears to have been new, and, as such, patentable. Yet, in view of the concessions of the specifications, the defendant may not infringe by the use of these same parts unless they are used in precisely the same combination. Railway Co. v. Sayles, 97 U. S. 554. The specification shows the rotating mold chuck mounted within the vessel, eccentrically, on a rod holding the vessel against the head stock, and a spinning roller mounted on a slide outside, and movable by hand screws to press the metal of the rotating blank inwardly to and along the rotating mold chuck in forming vessels with contracted mouths. The defendant uses a concentric rod for holding the vessel against the head stock, a rotating mold chuck mounted separately outside the vessels, and a spinning roller within, movable by hand screws to press the metal of the rotating blank outwardly to and along the rotating mold chuck in forming vessels with bulged sides. The head stock is open to all, not being improved by the inventor. Instead of the eccentrically supported mold chuck within the vessel, of these claims, a separately supported mold chuck without is used. The spinning roller is within the vessel instead of without, and works in a different direction. The patented combination, which can only work inwardly, could not do the work of the defendant's machine, which can be done only by spinning outwardly. The head stock of the defendant's machine does the same thing as the head stock of these claims, and in sub-

stantially the same way; but the mold chuck and spinning roller of this machine are differently mounted, and spin differently shaped vessels from what those of the patent are, in a different way. The combination of these parts in this machine therefore appears to be different from that of either of these claims, and the machine fails to appear to infringe. Let a decree be entered dismissing the bill for want of infringement.