LALANCE & GROSJEAN MANUF'G CO. v. HABERMAN MANUF'G CO.

(Circuit Court of Appeals, Second Circuit. December 5, 1893.)

1. PATENTS—INFRINGEMENT—METAL-SPINNING MACHINERY.
  A patent for the combination, in a machine for spinning sheet-metal vessels, with an improved form of headstock for holding the blank, of a mold chuck mounted eccentrically inside the blank, so that an outside roller presses the metal of the rotating blank inwardly along the circumference of the mold chuck, and thus forms a vessel with a contracted mouth, is not infringed by a machine having substantially the same headstock, but using a mold chuck mounted separately outside the vessel, and a spinning roller within, movable by hand screws, pressing the metal outward to and along the rotating mold chuck to form a vessel with bulged sides. 54 Fed. 517, affirmed.

2. SAME.

The first and second claims of the Chaumont patent, No. 286,115, for improvements in machinery for sheet-metal spinning, construed, and *held* not to be infringed.

Appeal from the Circuit Court of the United States for the Southern District of New York.

In Equity. Suit by the Lalance & Grosjean Manufacturing Company against the Haberman Manufacturing Company for infringement of a patent. Bill dismissed. 54 Fed. 517. Complainant appeals. Affirmed.

Arthur van Briesen, for appellant.

Wm. H. Kenyon and Robert N. Kenyon, for appellee.

Before WALLACE, LACOMBE, and SHIPMAN, Circuit Judges.

SHIPMAN, Circuit Judge. This is an appeal from a decree of the circuit court for the southern district of New York, which dismissed the appellant's bill in equity for relief against the alleged infringement by the defendant and appellee of the first and second claims of letters patent, No. 286,115, dated October 2, 1883, to Jules Chaumont, for improvements in machinery for sheet-metal spinning.

The art of "spinning" or shaping blanks of sheet metal into hollow vessels by pressure applied by a roller to the circumference while they are rotated in a lathe was old at the date of the patented invention. The state of the art at that time, so far as the features of the first and second claims of the patent in suit are concerned, is shown in the English letters patent to Gomme & Beaugrand, dated September 14, 1855, and to Watts & Fleetwood, dated December 22, 1870. The patent of 1855 describes a spinning machine in which the blank, which is held by the neck, is revolved around an eccentrically supported mold chuck, and is formed "by a roller mounted on the outside of the blank for compressing the upper part of the vessel into the desired form." In the machine described in the patent of 1870, the bottom of the vessel is clamped against a revolving cup-shaped chuck or headstock, and is spun against a concentrically mounted internal roller by means of four external rollers, which bear against the outside of the vessel.

Chaumont's improvement was particularly applicable to the production of sheet-metal vessels which were to have a greater diameter at the base than at the mouth. It is stated as a fact by the complainant's expert that, speaking generally, the articles, as they come from the press, are somewhat larger at the mouth than at the bottom. The patentee wanted to spin so as to make the vessel smaller at the mouth than at the base. It was therefore very desirable, if not indispensable, that the mold chuck should be inside the vessel; and it was necessary to mount the chuck eccentrically, "so as to enable a mold chuck to be used which was of less diameter than the least diameter of the vessel to be formed," and therefore capable of being withdrawn when the vessel is finished. It was also desirable to clamp very firmly, so that the heavy pressure of the roller against the eccentrically mounted revolving chuck should not dis-

place the vessel.    He clamped his blank by a plate against a flanged chuck or headstock having a flat surface, and thus improved upon the clamping mechanism of the English patent of 1855, by means of his improved headstock, which, taken by itself, had no element of patentable novelty, because there can be nothing patentable in making the face of a chuck flat, with a projecting rim, instead of cup shaped, when a hollow vessel with a flat bottom is to be formed.

The following description of the general outline of his machine, so far as the first two claims are concerned, without reference to the particular details which make it a working machine, and which are claimed in the third and fourth claims, is abbreviated from the description in the specification:    A chuck or headstock, constructed in the form of a socket, and having a rim or flange, is rigidly secured to one end of a spindle and revolves therewith.    The cylindrical blank, which has been previously formed, is placed with its flat portion against the corresponding plane surface of the headstock within the rim, and is held firmly in place.    A mold chuck is so mounted as to be capable of freely revolving inside the blank upon a rod which also holds the blank securely against the headstock.    The circumference of this mold chuck is in the form which will characterize the corresponding portion of the completed vessel.    The headstock and blank are rotated so that the side of the blank is continuously in near proximity to the mold chuck.    A roller is firmly pressed from the outside against the revolving sides of the blank, and by its gradual lateral movement the revolving sides of the blank are contracted and forced against the periphery of the mold chuck, and made to correspond with its outline.

The patentee, in his specification, announces the limitation which he places upon his invention, and the combination which he claims as new, as follows:

"I am aware that it is not new to spin sheet-metal vessels by revolving the blanks from which they are formed around an eccentrically supported mold chuck; but the combination of a rotary mold chuck, so supported, with my improved form of headstock, I believe to be new, as well as the other specific combination of parts, as hereinafter claimed."

The two claims which are said to have been infringed are as follows:

"(1) In a machine for spinning sheet-metal vessels, the combination, substantially as hereinbefore set forth, with a headstock or chuck mounted directly upon the spindle of the machine, and having a flat surface for supporting the base of the vessel, and a rim or guard laterally projecting from its periphery, of means for holding the vessel within or against said headstock, and a rotating mold chuck mounted eccentrically with respect to the axis of the headstock.    (2) In a machine for spinning sheet-metal vessels, the combination, substantially as hereinbefore set forth, with a headstock or chuck mounted directly upon the spindle of the machine, and having a flat surface for supporting the base of the vessel, and a rim or guard laterally projecting from its periphery, of means for holding the vessel within or against said headstock, a rotating mold chuck mounted eccentrically with respect to the axis of the headstock, and a roller mounted in proximity to said mold chuck and blank, whereby the contour of the blank is forced to conform to that of said mold chuck."

The defendant's machine is thus described in the opinion of Judge Wheeler, before whom the case was tried in the circuit court, (54 Fed. 517:)

"The defendant uses a concentric rod for holding the vessel against the headstock, a rotating mold chuck mounted separately outside the vessels, and a spinning roller within, movable by hand screws, to press the metal of the rotating blank outwardly to and along the rotating mold chuck in forming vessels with bulged sides. * * * Instead of the eccentrically supported mold chuck within the vessel of these claims, a separately supported mold chuck without is used. The spinning roller is within the vessel, instead of without, and works in a different direction. The patented combination, which can only work inwardly, could not do the work of the defendant's machine, which can be done only by spinning outwardly."

The headstock of each machine is substantially the same.

The question of infringement depends upon the proper construction of the patent, which, in turn, depends upon the actual invention of the patentee, as shown by the state of the art and the specification, for the general language of the first and second claims is broad enough to include a rotating mold chuck without the vessel, but eccentrically mounted with respect to the axis of the headstock. It appears, both from the specification and "the file wrapper and contents," that the patentee had invented a seamless sheet-metal vessel, having a greater diameter at its base than at its mouth, and that the invention of the patent in suit related particularly to apparatus for producing vessels of that form. The very broad claims in his original application were rejected upon reference to the English patents which have been described, and the applicant was told that he had merely substituted Watts & Fleetwood's chuck for the chuck shown in the other patent. The disclaimer was then inserted by amendment. A modification of the claims was rejected because too nearly approaching the patent of 1855, until the existing claims were accepted, which pointed out the peculiarities of the chuck, and apparently, in the opinion of the patent office, sufficiently differentiated the alleged invention from the holding mechanism of either pre-existing patent. The invention of the first and second claims was simply an acknowledged improvement upon the earlier of the two English patents, which had an eccentrically mounted mold chuck inside the cylindrical blank; the Chaumont mold chuck being placed in the same relative position, so that the outside roller might press the metal inwardly along the circumference of the mold chuck, and thus form a vessel with a contracted mouth. The line that the patentee drew in his patent between the old and the new mechanism marks the extent of that portion of his invention now under consideration. It consisted merely in the improved form of headstock in combination with an eccentrically supported mold chuck inside the blank. The machine of the defendant, which places its mold chuck outside of the blank, and by an inside roller spins the metal outward to form a vessel with bulged sides, is not within the scope of the patent.

The decree of the circuit court is affirmed, with costs.